UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYROSH BROWN,

             Plaintiff,                                Hon. Janet T. Neff

v.                                            Case No. 1:14-cv-807

CHASE BANK,

             Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion to Dismiss</u>. (Dkt. #8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.


## BACKGROUND

In 1999, Plaintiff executed a mortgage as security for a home loan in the amount of $63,950. (Dkt. #9, Exhibit 3). The mortgage was subsequently assigned to Chase Bank. (Dkt. #9, Exhibit 4). Plaintiff defaulted on the loan and foreclosure proceedings were initiated. (Dkt. #9, Exhibit 5). The house was sold at foreclosure on June 27, 2012, and Plaintiff did not redeem the property during the subsequent redemption period. (Dkt. #9, Exhibit 5). Plaintiff was later evicted from the house which was then sold to a third party. (Dkt. #9, Exhibits 6-7). Plaintiff initiated this pro se action on July 30, 2014, against Chase Bank for "discrimately (sic) and unlawfully denying him a loan modification, which is the home affordable act, put in to law by [President] Obama." (Dkt. #1). Plaintiff seeks damages in

the amount of $300,000.  (Dkt. #1).  Defendant Chase Bank now moves to dismiss Plaintiff's complaint

on the ground that it fails to state a claim on which relief may be granted.  (Dkt. #8).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be

granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most

favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings*

*Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for

failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right for relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court

more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice. . .Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not
> unlock the doors of discovery for a plaintiff armed with nothing more
> than conclusions.  Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a
> complaint states a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense. But where the
> wellpleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged - but it has not
> "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider

the complaint and any exhibits attached thereto, public records, items appearing in the record of the case,

and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint

and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430

(6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL

51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading"

and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state

a claim upon which relief may be granted without converting the motion to a Rule 56 motion");

*Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by"

the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").


## ANALYSIS

Plaintiff does not challenge the aforementioned foreclosure proceedings or the subsequent

sale of his home.  Rather, Plaintiff alleges only that Defendant Chase Bank improperly denied his

application to participate in the Federal Home Affordable Modification Program (HAMP) mortgage

assistance program.  While the Court understands Plaintiff's frustration at his apparent inability to

participate in one of the programs designed to assist homeowners in danger of foreclosure, as Defendants

correctly observe, failure to accept an application to such programs does not constitute a cause of action. *See, e.g., Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741 (E.D. Mich. 2010) (mortgage assistance measures such as the Federal Home Affordable Modification Program (HAMP) "do not impose a duty on [lenders] to modify every eligible mortgage"); *Federal National Mortgage Association v. Carr*, 2013 WL 5755083 at *3 (M.D. Tenn., Oct. 23, 2013) (there is no private cause of action for alleged violations of HAMP); *Bernard v. Federal National Mortgage Association*, 587 Fed. Appx. 266, 272 (6th Cir., Sept. 29, 2014) (recognizing that HAMP does not provide a private right of action). The undersigned recommends, therefore, that this claim be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (Dkt. #8), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 11, 2015                          /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge

-4-